UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BLAST ALL, INC. *et al.*,
    *Plaintiffs*,

v.

HAMILTON SPECIALTY INSURANCE
COMPANY,
    *Defendant*.

No. 3:19-cv-1237 (JAM)

# ORDER GRANTING MOTION
# FOR PARTIAL SUMMARY JUDGMENT
# FOR DECLARATORY RELIEF

    This is a case about an insurance dispute stemming from a serious injury to a worker at a construction project in Hartford, Connecticut. The worker was an employee of plaintiff Blast All, Inc. ("Blast All"), and he was injured by equipment that Blast All leased from co-plaintiff ECS North America, LLC ("ECS") to use at a job site where Blast All was a subcontractor for another co-plaintiff, The Middlesex Corporation ("TMC"). The worker has filed a lawsuit involving all three companies in Connecticut state court, and the three companies in turn have filed this federal lawsuit against defendant Hamilton Specialty Insurance Company ("Hamilton") seeking coverage under the terms of a general liability insurance policy. The three company plaintiffs claim that Hamilton has wrongly denied them coverage arising from the injured employee's claims against them, and they seek declaratory relief as well as an award of money damages.

    Plaintiffs now move for partial summary judgment with respect to their claims for declaratory relief. Because I agree with plaintiffs that Blast All is entitled to coverage for any indemnification liability it may owe to ECS and TMC as a result of the worker's legal claims against them and that ECS and TMC are separately entitled to coverage as additional insureds, I will grant plaintiffs' motion for partial summary judgment.

1

## BACKGROUND

The following facts are drawn from the plaintiffs' Local Rule 56(a) statement and set forth in the light most favorable to Hamilton as the non-moving party. Doc. #36; *see also* Doc. #40.[1]

Hamilton issued a commercial general liability insurance policy to Blast All as the named insured for a one-year period from January 2017 to January 2018. Doc. #36 at 1 (¶ 1). Prior to Hamilton's issuance of the policy, Blast All entered into two other contracts that are pertinent to this action. First, Blast All contracted with ECS in March 2015 to lease a high-powered industrial vacuum. *Id.* at 3 (¶ 11). Its contract with ECS required it to name ECS as an additional insured on Blast All's insurance policy, and it also required Blast All to indemnify and hold-harmless ECS from any claims arising from Blast All's use of ECS's equipment. *Ibid.* (¶¶ 12-13).

Second, Blast All contracted with TMC in March 2017 to perform work as a subcontractor for TMC at a bridge repair site in Hartford, Connecticut. *Id.* at 4 (¶ 14). Its contract with TMC required it to name TMC as an additional insured on Blast All's insurance policy, and it also required Blast All to indemnify and hold-harmless TMC from any claims arising from its subcontractor work for TMC. *Ibid.* (¶¶ 15-16).

On May 3, 2017, one of Blast All's employees—Luis Lopes—was severely injured while using the industrial vacuum that Blast All had leased from ECS and while working for Blast All

---

[1] In its Local Rule 56(a)(2) statement, Hamilton does not deny or controvert any of the material facts set forth by plaintiffs, noting that it includes "no disputed issues of material fact because its only allegations of fact are a simple recitation of the procedures followed during the claims handling process and the procedures to date at [the] lower [state] court." Doc. #40 at 10; *see also id*. at 1-2. Accordingly, the material facts submitted by plaintiffs are deemed admitted for purposes of resolving the instant motion. *See* Local Rule 56(a)(1) ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)(2) Statement….").

2

at the TMC bridge repair site. *Id.* (¶ 17). Lopes filed suit against ECS and TMC in Connecticut Superior Court, seeking damages arising from his personal injuries. *Id.* at 4 (¶¶ 17-18). ECS and TMC then filed cross-claims against Blast All for defense and indemnification. *Id*. at 4-5 (¶¶ 19, 20).

The three companies—Blast All, ECS, and TMC—all filed claims for coverage from Hamilton under the terms of the policy that it issued to Blast All. But Hamilton denied coverage. *Id.* at 5-6 (¶¶ 23-31). In the meantime, the *Lopes* action remains pending against the three companies in Connecticut Superior Court. *Id.* at 5 (¶ 21).

In August 2019, plaintiffs Blast All, ECS, and TMC filed this federal diversity action, seeking declaratory relief as well as money damages for breach of contract and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). Doc. #1; *see also* Doc. #11 (amended complaint). Hamilton moved to dismiss plaintiffs' CUTPA claim, Doc. #32, and plaintiffs in turn filed this motion, Doc. #35. I held oral argument on both motions in November 2019. Doc. #49. I granted Hamilton's motion to dismiss the CUTPA claim in an oral ruling, while taking plaintiffs' motion for declaratory relief under advisement. Doc. #48.

Several provisions of the Hamilton insurance policy are relevant to this motion. The policy provides that Hamilton "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," but that Hamilton "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Doc. #36-1 at 53 (Ex. A).

The policy contains an employee exclusion provision, which precludes coverage of "bodily injury" to "[a]n 'employee' of the insured arising out of and in the course of: (a)

3

Employment by the insured; or (b) Performing duties related to the conduct of the insured's business." Doc. #36-1 at 54. But this exclusion "does not apply to liability assumed by the insured under an 'insured contract.'" *Ibid*. In turn, an "insured contract" is defined in relevant part as "[t]hat part of any other contract or agreement pertaining to your business … under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." *Id*. at 65.

The policy also has provisions governing when parties other than the named insured may be entitled to coverage. Specifically, the policy contains a section titled "Automatic Additional Insured–Owners, Lessees or Contractors Endorsements," which provides:

> Any person(s) or organization(s) whom the *Named Insured* agrees, in a written contract, to name as an additional insured *is* included as an insured, but only as respects the project specified in that contract and only with respect to that person's or organization's vicarious liability arising out of your ongoing operations performed for that insured.

*Id*. at 8 (capitalization omitted). In addition, the policy also includes a section titled "Separation of Insureds," which provides:

> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first *Named Insured*, this insurance applies: 1. As if each *named insured* were the only *named insured*; and 2. Separately to each *insured* against whom claim is made or *suit* is brought.

*Id*. at 90 (capitalization omitted).

## DISCUSSION

The Declaratory Judgment Act empowers federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A court may address a declaratory action by means of standard summary judgment procedures. *See, e.g.*,

4

*Penske Truck Leasing Co., L.P. v. Safeco Ins. Co. of Illinois*, 2020 WL 2615499, at *2 (D. Conn. 2020).[2]

Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close and contested fact issues but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (*per curiam*); *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019).

A court must interpret the terms of an insurance policy as it would a contract. If the terms of the policy are clear and unambiguous, then the terms of the policy must be given effect. If the terms of the policy are ambiguous, then the policy must be construed in favor of the insured. *See, e.g.*, *Nationwide Mut. Ins. Co. v. Pasiak*, 327 Conn. 225, 238-39 (2017); *Connecticut Ins. Guar. Ass'n v. Drown*, 314 Conn. 161, 187-88 (2014).

### *Blast All*

Blast All seeks coverage under the policy to the extent that Blast All has assumed liability to ECS and TMC arising from the *Lopes* action. The policy requires Hamilton to "pay

---

[2] Although plaintiffs style their submission as a "motion for declaratory judgment," such a motion is not cognizable. *See Jankovic v. Int'l Crisis Grp.*, 181 F. Supp. 3d 13, 14-15 (D.D.C. 2014) (quoting *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 455-56 (S.D.N.Y. 1995)); *see also Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 830 (11th Cir. 2010) (explaining that "[a] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment.") (emphasis in original). So I will treat plaintiffs' motion as one for partial summary judgment, which is also consistent with the parties' filing of statements of material fact that are ordinarily filed in conjunction with motions for summary judgment. *See Hernandez v. Office of Comm'r of Baseball*, 2019 WL 5593056, at *1 (S.D.N.Y. 2019) ("Because Plaintiff has already asserted this claim for declaratory relief in the operative complaint, the motion is essentially one for partial summary judgment.").

those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." Doc. #36-1 at 53. Although Hamilton argues that the policy's employee exclusion precludes coverage for Blast All because Lopes was an employee of Blast All, the employee exclusion by its terms "does not apply to liability assumed by the insured under an 'insured contract.'" *Id*. at 54. The policy in turn defines an "insured contract" as "[t]hat part of any other contract or agreement pertaining to your business…under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." *Id*. at 65.

Here, Blast All assumed liability to ECS and TMC by means of its indemnification obligations to both of them arising from any claim brought against them in connection with their contracts with Blast All. Hamilton does not dispute that Blast All agreed to indemnify ECS and TMC, and that its contracts with ECS and TMC are "insured contracts" under the Policy. Doc. #40 at 5-6 (¶¶ 13, 16 Resps.), 9 (¶ 33a Resp.). Blast All's contracts with ECS and TMC are the type contemplated by the "insured contract" exception to the employee exclusion. *See Ohio Cas. Ins. Co. v. Transcon. Ins. Co.*, 2009 WL 9006522, at *3 (S.D.N.Y. 2009) (construing similar "insured contract" exception to employee exclusion), *aff'd,* 372 F. App'x 107 (2d Cir. 2010).

Hamilton misplaces its reliance on *CLS Investments, Inc. v. Stone Transportation Agency, LLC*, 2019 WL 4204326 (Conn. Super. Ct. 2019). In that case, the court rejected plaintiffs' reliance on an "insured contract" exception to an employee exclusion provision because the plaintiffs could not establish in the first instance that they had any rights as a named insured or additional insured under the policy. *Id.* at *4-5. Here, by contrast, Blast All is undisputedly the named insured on the policy. Accordingly, I conclude that Blast All is entitled to summary

6

judgment for declaratory relief on its coverage claim for any liability that Blast All has agreed to assume under its insured contracts with ECS and TMC.

*ECS and TMC*

ECS and TMC seek coverage under the policy as additional insureds. They rely on the policy's "Automatic Additional Insured" provision stating that "[a]ny person(s) or organization(s) whom the Named Insured agrees, in a written contract, to name as an additional insured *is included as an insured*, but only as respects the project specified in that contract and only with respect to that person's or organization's vicarious liability arising out of your ongoing operations performed for that insured." Doc. #36-1 at 8 (emphasis added).

It is undisputed that Blast All, who is the named insured under the policy, agreed by written contract to name ECS and TMC as "additional insureds" on Blast All's insurance certificate. Doc. #36 at 3, 4 (¶¶ 12, 15); Doc. #40 at 5 (¶¶ 12, 15 Resps.); *see also* Docs. #36-2 at 2 (Ex. B, ECS contract at ¶ 18(a)); #36-3 at 18 (Ex. C, TMC contract at 17 ¶ 2). ECS and TMC therefore qualify as "insured" parties under the policy, and as insureds they are within the scope of Hamilton's duty to defend as well as to indemnify them for any vicarious liability judgment in the *Lopes* action against them. *See, e.g.*, *State Farm Fire & Cas. Co. v. Tully*, 322 Conn. 566, 574 (2016).

In addition, the policy's "Separation of Insureds" provision states in relevant part that "this insurance applies: … [s]eparately to each insured against whom claim is made or suit is brought." Doc. #36-1 at 90 (emphasis added). This means that both ECS and TMC are entitled to separate and independent coverage under the policy and that "the claims against each insured be analyzed from the perspective of that particular insured." *See Northfield Ins. Co. v. Derma Clinic, Inc.*, 440 F.3d 86, 93 (2d Cir. 2006).

Hamilton argues that the employee exclusion provision bars coverage for ECS and TMC. I do not agree. By its terms, the employee exclusion provision applies only to "[a]n 'employee' *of the insured*." Doc. #36-1 at 54 (emphasis added). Lopes was an employee of Blast All, not an employee of ECS or TMC. Because the employee exclusion is limited to the acts of an employee of "*the* insured"—as distinct from an employee of "*any* insured"—the exclusion is irrelevant to the rights of an insured party to coverage arising from the acts of a person who was not the employee of the insured party seeking coverage. The exclusion is not ambiguous and must be strictly construed against Hamilton. *See Drown*, 314 Conn. at 188 (noting that "policy exclusions are strictly construed in favor of the insured") (internal quotations omitted).

This interpretation is reinforced by the fact that the employee exclusion is subject to an exception for "liability assumed by the insured under an 'insured contract.'" Doc. #36-1 at 54. This exception contemplates that coverage may lie under the policy for the acts of an employee who is not the employee of the insured party seeking coverage under the policy.

Hamilton also relies on a "Supplementary Payments" of the policy which states that, subject to certain conditions, Hamilton will defend an insured's indemnitee "[i]f we defend an insured against a 'suit' and an indemnitee of the insured is also named as a party to the 'suit'[.]" Doc. #36-1 at 60. According to Hamilton, because the qualifying conditions are not satisfied here, it has no duty to defend ECS and TMC as indemnitees of Blast All. I do not agree. Hamilton's argument ignores the independent status and rights of ECS and TMC as separate "insureds" under the policy. Because of this independent ground for coverage, there is no need to consider whether ECS and TMC could derivatively qualify for defense coverage as indemnitees of Blast All under the "Supplementary Payments" provision of the policy.

Accordingly, I conclude that ECS and TMC are entitled as separate "insureds" under the policy to coverage from Hamilton for their defense and vicarious liability arising from the *Lopes* action. I will grant their motion for summary judgment for declaratory relief.

## CONCLUSION

For the reasons set forth in this ruling, the Court GRANTS plaintiffs' motion for summary judgment (Doc. #35) with respect to their claims for declaratory relief.

It is so ordered.

Dated at New Haven this 10th day of August 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge